spect to item 1, which seeks all papers "turned over by [defendant law firm] to plaintiff's attorney's at the latter's request", plaintiff should be able to identify at least some of them by defendant law firm's letterhead. Plaintiff concedes that item 18 was proper. Item 19, which seeks a copy of an organizational chart showing the interrelationship of plaintiff's branches, was stricken after plaintiff argued that it has no branches. The court erred in striking that item; rather, plaintiff should respond by a sworn statement that it has no branches.

We further find that the court properly limited defendant law firm's second notice to produce to records relating to transactions between plaintiff and Daemen College because that was the relief requested by defendant law firm in its argument before Special Term. (Appeal from order of Supreme Court, Erie County, Rath, Jr., J.—discovery.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ In the Matter of NOEL P., a Child Alleged to be Abused. (Appeal No. 1.)—Order unanimously affirmed without costs for reasons stated in decision at Genesee County Family Court, Graney, J. (Appeal from order of Genesee County Family Court, Graney, J.—child abuse.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ In the Matter of NOEL P., a Child Alleged to be Abused. (Appeal No. 2.)—Order unanimously affirmed without costs for reasons stated in decision at Genesee County Family Court, Graney, J. (Appeal from order of Genesee County Family Court, Graney, J.—summary judgment.) Present—Doerr, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HENRY KELLEY, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court properly exercised its discretion in denying, without a hearing, defendant's *pro se* motion to withdraw his guilty plea. The record discloses that defendant voluntarily, knowingly and intelligently entered his plea of guilty. During the plea allocution, defendant acknowledged his guilt of the crime without hesitation or claim of innocence *(see, People v Kafka,* 128 AD2d 895, *lv denied* 69 NY2d 951; *People v Stubbs,* 110 AD2d 725, 728). On his subsequent motion to withdraw his guilty plea, defendant was afforded a reasonable opportunity to advance his claims by the court, which had presided over the suppression hearing and thus had the benefit of testimony implicating defendant in the burglary that was the subject of the indictment *(see, People v*